UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Roland Brown, | ) | Civil Action No.: 1:04-22347-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER GRANTING** |
| AGY Holding Corp. (AGY), | ) | **SUMMARY JUDGMENT** |
| Formerly, Owens-Corning | ) | |
| Fiberglass Corp., then | ) | |
| Advanced Glassfiber | ) | |
| Yarns, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Procedural History**

The plaintiff filed this action on September 24, 2004 alleging federal causes of action for racial discrimination in violation of Title VII, 42 U.S.C. §2000e, and age discrimination in violation of the Age Discrimination in Employment Act (ADEA). The complaint also alleges claims for breach of contract and breach of contract accompanied by a fraudulent act. The defendant filed an answer on November 8, 2004. Defendant filed a motion for summary judgment and supporting memorandum on May 23, 2005.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Marchant carefully considers the issues and recommends that the defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report on February 22, 2006. Defendant filed a response on March 17, 2006.

1

In his objections, the plaintiff challenges the following recommendations by the Magistrate Judge: (1) that the plaintiff failed to make a prima facie showing of discrimination based on age and race since he made no showing of an adverse employment action; and (2) that the employer offered a legitimate, non-discriminatory reason for the plaintiff's transfer. The plaintiff additionally contends that, even if the Magistrate Judge properly concluded that the employer made a sufficient initial showing of a legitimate, non-discriminatory reason for the discharge, the defendant's actions were pretextual. The plaintiff has apparently abandoned his state claims, since he does not make any argument concerning them in his objections.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

The plaintiff (a black male over age forty) was employed as a maintenance mechanic with the defendant glass fiber production facility, from 1983 until the present. Plaintiff was diagnosed with

sleep apnea in 1998 and requested a transfer to the Saco-Lowell area of the plant, since he believed that this area was cooler and less dusty than the area in which he was working. He worked in the Saco-Lowell area until being reassigned to the Baco area in 2003. The company has taken the position that the plaintiff was part of a group of employees who were transferred to a different area due to a desire by the employer that its maintenance crew be familiar with all areas of the plant. (The department consisted of sixteen employees, all over the age of forty except for one 34-year old employee. Thirteen of the maintenance mechanics were transferred to a different work area in January of 2003. The three employees who were not reassigned were black males, ages 58, 48, and 56, respectively. See Garvin and Brewer Affidavits.) The plaintiff alleges that he has already worked in all areas of the plant and that he should be allowed to work in the area of his choice due to his physical problems. Plaintiff obtained letters from his doctors in support of his position that he should be allowed to work in the Saco-Lowell area.

Defendant filed its motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

## Legal Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the

evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of point to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989). Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987); Evans v. Techs. Applications & Servs. Co., 875 F. Supp. 1115 (D. Md. 1995).

**Racial and Age Discrimination**

The parties agree that the proper analysis of the racial and age discrimination claims is under the McDonnell Douglas burden shifting test. Under that analysis, the plaintiff has the initial burden of demonstrating a prima facie case of discrimination: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he has suffered an adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. Bryant v. Bell A. Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002).[1]

Once a prima facie case is established by the plaintiff, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the plaintiff's termination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Once the defendant has met this burden of production, the sole remaining issue is "discrimination vel non." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000). In other words, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by the defendant is merely a pretextual reason for intentional discrimination. Reeves, 530 U.S. at 143; Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004).

***Prima Facie* Case**

The Magistrate Judge recommended a finding that the plaintiff has not established a prima facie case as to the element of adverse employment action. There is no dispute among the parties for summary judgment purposes that the plaintiff is a member of a protected class; that he was adequately

---

[1] The elements for a *prima facie* case of employment discrimination are the same under Title VII and the ADEA. See Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277 (4th Cir. 2004) and James v. Booz-Allen and Hamilton, Inc., 368 F.3d 371 (4th Cir. 2004).

performing his job; and that, after he was transferred to the Baco area, his duties in the Saco-Lowell area were taken over by a younger Causasian.

**Adverse Employment Action**

An adverse employment action has been defined as a discriminatory act which "adversely affect[s] 'the terms, conditions, or benefits' of the plaintiff's employment." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004).

> The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action . . . A 'reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect . . . 'Absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position.

Id. at 376.

The Magistrate Judge and the parties agree that the Fourth Circuit case of Von Gunten v. Maryland, 243 F.3d 858 (4th Cir. 2001) is pertinent to analysis of the case at bar. In Van Gunten, the employee asserted that her reassignment to shoreline survey work constituted adverse employment action. She recognized that her pay, benefits, and job title did not change, but alleged that the nature of her work had deteriorated on the basis that she was unable to seek a boat captain's license; she was exposed to "dangerous pathogens"; and had "less appealing working conditions", including "more burdensome paperwork and daily interaction with the public." The Court found that the evidence did not support a finding that the employee's terms and conditions of employment had been adversely affected. "While we agree in principle that increased exposure to dangerous pathogens could adversely effect the terms, condition, or benefits of employment, von Gunten has failed to proffer any credible evidence that her exposure to these chemicals did in fact increase in

6

the new assignment." Id. at 868.

In considering a motion for summary judgment, conclusory statements made without evidentiary support are not sufficient to create genuine issues of fact. See Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998).

In the case at bar, the undersigned is of the opinion that the Magistrate Judge correctly analyzed the facts of the case and concluded that no adverse employment action was present. Although the plaintiff's own testimony reveals his belief that the Saco-Lowell area had lower levels of heat and humidity and fiber content than the Baco area where he was transferred, the evidence before the Court does not support such a finding. Based on the uncontroverted affidavits in the case, the Baco and Saco-Lowell areas were in the same room about five feet from each other. See Affidavits of Brewer and Garvin. The nurse at the plant requested that a study be conducted as to the heat and humidity of the two areas. The study showed temperature and humidity readings during three periods during the summer of 2003. (Defendant's exhibit X) The study revealed that the average temperature and humidity in the Saco Lowell area were actually higher than in the Baco area. Even the plaintiff's doctor, Dr. Sanito, stated that the heat and humidity readings were "quite acceptable, as the average temperatures and humidity readings seem to be fairly moderate." (Defendant's Exhibit Z) Defendant's Exhibit Y, exposure readings, measured the fiber in the air at the plant and the level was within OSHA limits.

The plaintiff contends that, after being placed in the Baco area, he was diagnosed as having low blood oxygen or hypoxemia. He submits letters from his doctors to the effect that he could not continue to work in the baco area. The Court finds that the doctors' letters appear to be based upon information from the plaintiff as to conditions in the various areas of the plant. The doctors would only be qualified to give opinions as to the effect of exposure to high levels of heat, humidity, and

air fiber content and not as to the area of the plant in which the plaintiff could work. Therefore, the plaintiff has not established a prima facie case under Title VII or the ADEA.

**Legitimate, Nondiscriminatory Reason for Termination**

Assuming for the sake of argument, that the plaintiff has established a prima facie case of discrimination based on race or age, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for his termination. O'Connor v. Consol. Caterers Corp., 517 U.S. 308, 311 (1996). In the instant case, the defendant has articulated its reason for reassignment of the plaintiff: "to ensure that the employees did not become stagnant in their positions and to make sure that all crafts had the opportunity to train and be proficient in their areas of the Plant." The Court finds that this reason meets the initial showing required by the employer.

**Discrimination *Vel Non***

Since the defendant has articulated a legitimate, nondiscriminatory reason for reassigning the plaintiff within the plant, the burden shifts to the plaintiff to show that the reason articulated is false and merely pretext for intentional discrimination. Reeves, 530 U.S. 133; Hill, 354 F.3d at 285. In satisfying this burden, the perception of the employer is critical. Hawkins v. Pepsico, 203 F.3d 274, 279 (4th Cir. 2000), cert. denied, 531 U.S. 875 (2000). The plaintiff has failed to offer any competent evidence that the reason given by the defendant reason is false and pretextual. Even viewed in the light most favorable to the plaintiff, no reasonable jury could determine that racial or age discrimination was the reason for defendant's actions.

The plaintiff asserts that, since he has worked all over the plant during his employment with the defendant, this is proof that the employer's reason for reassigning him is pretextual. He also alleges that two employees without health problems could have been reassigned in order to allow the plaintiff to remain in his current position. Finally, the plaintiff asserts that the defendant ignored regular

8

procedures in connection with the reassignment by disregarding the provisions of the collective bargaining agreement wherein the plaintiff should have been allowed to bid on a permanent job in the Saco-lowell area based on seniority after being diagnosed with sleep apnea.

The evidence reveals that there were sixteen (16) maintenance mechanics and thirteen (13) of these were reassigned. Of the thirteen (13) mechanics reassigned, nine (9) are white and four (4) are black and all are over the age of forty (40) accept for Rogers who is 34 and he was also reassigned. (Garvin Affidavit; Brewer Affidavit; Exhibit "C" & "D"). Only three (3) employees were not reassigned: George Miles, Jimmy Starling and Gene Mobley. (Garvin Affidavit; Brewer Affidavit). Miles is a black male age 58, Starling is a black male age 48, and Mobley is a black male age 56. (Garvin Affidavit).  One reason for having the mechanics work in rotating areas of the plant is to give them experience in the various areas.  If the plaintiff was not required to move from the Saco-Lowell area, then other mechanics would not be given experience working in that area.

Plaintiff cites <u>Johnson v. City of Charlotte</u>, 229 F.Supp. 2d 488 (W.D.N.C. 2002) in support of his argument that deviation from regular procedures may be evidence of pretext.  In <u>Johnson</u>, the employer admitted that it deviated from its regular promotion practices in the case.  In the case at bar, the employee was not given a new position within the company.  He continued to work in his same position as a mechanic in a different work location.  The Court finds that the provisions of the collective bargaining agreement regarding bidding on a job do not apply to this situation.

There is no evidence in the case at bar indicating that any one group, by age or race, was singled out from another. There is nothing here that could remotely be used to establish pretext and show that the real motivation of AGY for the transfer was to discriminate against Brown, or anyone else for that matter, based upon his race or his age.  The Court is of the opinion that  "no rational

9

fact finder could conclude that the action was discriminatory." Rowe v. Marley Co., 233 F.3d 825 (4th Cir. 2000).

## State Law Claims

The plaintiff does not raise any arguments in his objections regarding his state law claims. They are accordingly dismissed.[2]

## Conclusion

I find as a matter of law that there are no issues of material fact and defendant is entitled to summary judgment.

For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendant's motion for summary judgment.

---

[2] Federal Rule of Civil Procedure 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

> Fed. R. Civ. P. 72(b) (emphasis added).

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Court Judge

March 31, 2006  
Florence, South Carolina

11